McRAE, P.J.,
Dissenting:
¶ 29. I disagree that there is no legal basis for Judge Lewis to retain the handgun at issue, and Miss.Code Ann. § 97-37-3 (2000) plainly requires him to return the gun. I think the rationale regarding the return of the handgun (and the shotgun and rifle) has not been fully developed. As correctly stated by Judge Lewis, Miss. Code Ann. § 97-37-13 (2000) makes it a crime to give a deadly weapon to a minor. A person under the age of eighteen cannot own or possess a firearm unless one of the exceptions listed in Miss.Code Ann. § 97-37-14 (2000) applies. Here, the minor was alone in his truck when he was arrested, and he had no reason to possess a gun. Therefore, § 97-37-14 does not apply.
¶ 30. Miss.Code Ann. § 97-37-3 states “[i]n the event of dismissal or acquittal of charges, such weapon shall be returned to the accused from whom it was seized.” Obviously, the handgun cannot be returned to the minor, even though it was seized from him, since a minor technically cannot own a gun. Common sense dictates that the gun be returned to its rightful owner, in this case the minor’s mother. Judge Lewis took this same approach with regard to the return of the shotgun and rifle. They belong to the minor’s father and when Judge Lewis returned these guns, he gave them to the father, not the minor or “the accused.” The answer here is to relinquish the gun to its proper owner, the minor’s mother.
¶ 31. To hand over the seized weapons to the minor defendant would be a serious miscarriage of justice. The court is also wrong to keep items of personal property that could be easily returned to the owners. The guns should be restored to the parents of the minor along with an admonition to ensure that they properly supervise their son whenever he uses a firearm.
¶ 32. Accordingly, I dissent.
EASLEY AND GRAVES, JJ., JOIN THIS OPINION.